ALD-016                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2980
_____

TROY COULSTON,
                                          Appellant

v.

STEVEN GLUNT; MR.  WILT;
MR.  YOUNG; SHEA;
DORETTA CHENCHARICK;
DORINA VARNER; JOHN DOE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-14-cv-00112)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. Section 1915(e)(2)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 20, 2016
Before: MCKEE, JORDAN and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 2, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Troy Coulston appeals from the judgment of the United States District Court for the Western District of Pennsylvania in his civil rights case. We will summarily affirm.

In May 2014, Coulston, an inmate in the custody of the Pennsylvania Department of Corrections at SCI-Houtzdale, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Pennsylvania. Coulston alleged an Eighth Amendment rights violation (excessive force), retaliation, and state tort claims for assault and battery against Corrections Officer (CO) Wilt for slamming a steel door on Coulston's leg and back in May 2012. Coulston additionally sued five other identifiable[1] prison officials: Superintendent Glunt, Sergeant Young, Lieutenant Shea, Superintendent Assistant Chencharick, and Chief Grievance Officer Varner (collectively "defendants"), alleging that they denied him due process and/or equal protection after the incident by failing to investigate and refusing to call police.

In September 2014, defendants filed a partial motion to dismiss[2] pursuant to Federal Rule of Civil Procedure 12(b)(6). The Magistrate Judge recommended that the motion be denied as to Coulston's retaliation and assault claims but granted as to the remaining claims and defendants. Instead of filing objections, Coulston filed a motion for leave to amend his complaint along with a proposed amended complaint. In an order entered on July 15, 2015, the District Court adopted the recommendations of the

---

[1] Coulston also named unidentified prison mail staff member John Doe for allegedly interfering with his attempt to file a criminal complaint with the state police.

[2] Defendants did not move to dismiss Coulston's excessive force claim.

Magistrate Judge and denied Coulston's motion for leave to amend his complaint as futile, finding that Coulston's amended complaint still failed to state due process claims against defendants.

In October 2015, defendants filed a motion for summary judgment. In an order entered on June 8, 2016, following a Report and Recommendations by the Magistrate Judge and objections by Coulston, the District Court granted the motion, entered judgment in favor of defendants, and dismissed the state law claims without prejudice to Coulston's refiling them in state court.

Coulston appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Coulston has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). We may summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6 if the appeal lacks substantial merit.

I.

We exercise plenary review of the District Court's order granting defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. See Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 367 (3d Cir. 2011). In reviewing the dismissal under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings,

3

Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A court may grant a motion to dismiss under Rule 12(b)(6) "only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, [it] finds that [the] plaintiff's claims lack facial plausibility." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)). Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

A prisoner's due process rights are violated when he is deprived of a legally cognizable liberty interest, which occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Here, Coulston failed to explain the nature of his liberty or property interest. Liberally construing both Coulston's complaint and proposed amended complaint, the District Court noted that Coulston was alleging that he was deprived of his interest in having prison staff investigate and notify police of his assault allegations and having his alleged attacker turn himself in to authorities and notify medical staff of his injuries. We agree with the District Court that this implicates neither a liberty nor a property interest.

4

## II.

As the District Court further concluded, Coulston's equal protection claim failed as it did not involve a classification based on race, religion, or national origin. Prisoners are not a protected class of individuals. Abdul-Akbar v. McKelvie, 239 F.3d 307, 317 (3d Cir. 2001) (holding that neither prisoners nor indigents are suspect classes). Besides, to establish an equal protection claim, "a plaintiff must at a minimum allege that he was intentionally treated differently from others similarly situated by the defendant and that there was no rational basis for such treatment." Phillips v. County of Allegheny, 515 F.3d 224, 243 (3d Cir. 2008). Coulston's claim that he was treated differently because he is an inmate and not a staff member is without merit because staff members are not "similarly situated" to inmates.

## III.

The remainder of Coulston's claims against the prison staff members are equally without merit and were appropriately dismissed by the District Court, as they related to obstruction of justice, official oppression, terroristic threats, and intimidation of a witness, see, e.g., Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (holding "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); deliberate indifference to medical needs, see, e.g., Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993) (finding "prisoner must show more than negligence; he must show 'deliberate indifference' to a serious medical need"); access to the courts, see, e.g.,

5

Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding where inmate does not allege actual injury to his ability to litigate claim, constitutional right to access courts has not been violated); and mail interference, see, e.g., Christopher v. Harbury, 536 U.S. 403, 415 (2002) (noting plaintiff must show that actions of defendant hindered efforts to pursue non-frivolous claim). As the District Court explained, the facts and circumstances underlying Coulston's complaint do not support these claims.

IV.

The District Court properly granted summary judgment in favor of CO Wilt concerning Coulston's claims of excessive force, retaliation, and state tort violations. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the nonmoving party then must present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(c)(1), (e)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A court should grant summary judgment where the non-movant's evidence is merely colorable or not significantly probative, Anderson, 477 U.S. at 249-50, because "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party,

6

there is no 'genuine issue for trial,'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

In determining whether a prison official has used excessive force in violation of the Eighth Amendment, the "pivotal inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Smith v. Mensinger, 293 F.3d 641, 649 (3d Cir. 2002) (quoting Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000)). The court considers the following factors:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of the forceful response.

Id. at 649 (quoting Brooks, 204 F.3d at 106).

Here, viewing all evidence and inferences in favor of Coulston, the District Court found that Coulston's allegation that CO Wilt had slammed the door on Coulston's chest, threatened to kill him if he continued with a civil rights action against two of CO Wilt's fellow officers, and held him trapped until he wiggled free, was contrary to the video of the incident. We agree. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007) (relying on videotape in assessing summary judgment evidence). The District Court noted that the video showed inmates

7

exiting the B pod door, CO Wilt approaching the door, and several inmates picking up the pace to exit the pod. All inmates were able to hurry through the door except for Coulston who became stuck in the closing door for 4.5 seconds. CO Wilt then opened the door to allow Coulston and two other inmates to exit. Coulston walked away, free from any limp or movement that indicated he was in any pain. The District Court properly determined that despite Coulston's assertions to the contrary, the video showed that CO Wilt acted in an effort to maintain discipline. While CO Wilt admits that he could have chosen a more appropriate method of restoring order, an overreaction by an officer is not enough to establish an Eighth Amendment violation. Whitley v. Albers, 475 U.S. 312, 319 (1986) ("The infliction of pain in the course of a prison security measure . . . does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense.")

We further agree with the District Court's conclusion that the record did not support Coulston's assertions that he suffered severe injuries as a result of CO Wilt's actions. The record reflects that when examining him a few days after the incident, Nagle noted only a muscle spasm in Coulston's back that could have been caused by a minor event, and a small effusion of the right knee, which was a chronic problem Coulston had prior to the incident. No reasonable jury, after viewing the video of the incident and considering all evidence of record, could conclude that CO Wilt acted

8

"maliciously and sadistically" to cause harm to Coulston.  Thus, the District Court

properly granted summary judgment on this claim.

V.

The District Court properly dismissed Coulston's retaliation claim for failure to

exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).  The parties do no

dispute that Coulston failed to grieve the retaliation claim or even mention the claim

before filing his complaint, which he did not file against CO Wilt's fellow officers until

over two months after the door incident.  Coulston's statement, that he was too afraid to

grieve the retaliation claim, is not credible in light of the fact that he grieved the

excessive force claim.  We agree that summary judgment was appropriate as to this

claim.[3]

VI.

Because the appeal does not present a substantial question, we will summarily

affirm the judgment of the District Court.

---

[3] Finally, we agree with the District Court's decision to refuse to exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) over the remaining state law claims, and to dismiss these claims without prejudice to refiling them in state court.